IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2009

## WILLIAM C. BROTHERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6246     Joseph H. Walker, III, Judge**

---

**No. W2008-01680-CCA-R3-HC   -   Filed October 14, 2009**

---

The petitioner, William C. Brothers, pled nolo contendere to two counts of aggravated sexual battery and received an effective sentence of nine years in the Tennessee Department of Correction. He filed a petition for writ of habeas corpus relief in the Circuit Court of Lauderdale County which was dismissed. On appeal, the petitioner argues: (1) the indictment was defective; (2) he was not protected from double jeopardy; (3) he received ineffective assistance of counsel; and (4) the State failed to identify any evidence to prove its allegations. Upon our review of the record and the parties' briefs, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

William C. Brothers, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Melissa Roberge, Assistant Attorney General; for the appellee, State of Tennessee.

### OPINION

**Background**. The petitioner pled nolo contendere to two counts of aggravated sexual battery. He received a nine-year sentence for each count to be served concurrently as a Range I Offender at one hundred percent. The judgments provided for lifetime community supervision pursuant to Tennessee Code Annotated section 39-13-524 and required the petitioner to provide a specimen for DNA analysis pursuant to Tennessee Code Annotated section 40-25-521. Due to ex post facto concerns, the sentencing court amended the judgments to delete the lifetime community supervision and DNA requirements.

On March 12, 2007, the petitioner filed a petition for writ of habeas corpus with the Wayne County Circuit Court, which was dismissed. This court affirmed the dismissal on February 11, 2008. William C. Brothers v. State, No. M2007-01202-CCA-R3-HC, 2008 WL 371187, at *2 (Tenn. Crim. App., at Nashville, Feb. 11, 2008), perm. to appeal denied (Tenn. Apr. 28, 2008). Ten days

later, the petitioner filed another petition for habeas corpus relief in the Circuit Court of Lauderdale County, which was also dismissed. William C. Brothers, No. W2008-00748-CCA-R3-HC, 2009 WL 1643434, at *1 (Tenn. Crim. App., at Jackson, June 12, 2009), perm. to appeal filed (Tenn. July 7, 2009). On appeal, this court reversed the dismissal. Id. at *5. It determined that the sentencing court should not have amended the judgments because Tennessee Code Annotated section 40-35-321 required the petitioner to provide a specimen for DNA analysis. Id. at *4. This court remanded the case to the convicting court for entry of corrected judgments. It concluded, however, that the petitioner's convictions remained in tact. Id. at *5. The petitioner's application for permission to appeal to the Tennessee Supreme Court is currently pending.

On July 18, 2008, the petitioner filed the instant petition for habeas corpus relief in the Circuit Court for Lauderdale County. The circuit court dismissed the petition on July 21, 2008. It found that habeas corpus relief was not appropriate because "the petitioner's sentence had not expired and the [convicting] court had jurisdiction to sentence the defendant to such sentence."

## ANALYSIS

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court

may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

**I. Indictment**. The petitioner argues that the indictment is defective because it does not contain all the essential elements of aggravated sexual battery. The State contends that counts four and five of the indictment include the offense's essential elements, and therefore it is not defective. We agree with the State.

The Tennessee Supreme Court has held that "the validity of an indictment . . . may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Generally, an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). The Tennessee Supreme Court has held that an indictment that specifically references the statute under which the defendant is indicted is sufficient to satisfy the notice requirement. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); see also State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999); Ruff v. State, 978 S.W.2d 95, 97, 100 (Tenn. 1998).

Here, the petitioner pled nolo contendere to counts four and five of the indictment, which state that the petitioner "did intentionally engage in unlawful sexual contact with [the victim] (d.o.b. 12/15/86), a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-504 . . ." The indictment specifically references the applicable statute and tracks its language. It contains the essential elements of aggravated sexual battery, and therefore it is not defective. The petitioner is not entitled to habeas corpus relief on this issue.

**II. Other Claims**. The petitioner also claims he was not protected from double jeopardy, he received ineffective assistance of counsel, and the State did not identify any evidence to prove the allegations in the indictment. None of these claims presents a cognizable claim for habeas corpus relief because they do not establish that his convictions are void or that his sentences have expired. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). This court has repeatedly held that "an allegation of double jeopardy does not render a conviction void, but merely voidable." See Timothy Hickman v. Carlton, No. E2006-00860-CCA-R3-HC, 2006 WL 2567511, at *2 (Tenn. Crim. App., at Knoxville, Sept. 7, 2006); Joseph L. Coleman v. Tony Parker, W2004-01527-CCA-R3-HC, 2005 WL 564153, at *2 (Tenn. Crim. App., at Jackson, Mar. 10, 2005), perm. to appeal denied (Tenn. 2005); William A. Ransom v. State, No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., at Nashville, Sept. 20, 1995). Claims of ineffective assistance of counsel are also not appropriate for habeas corpus relief and can only be raised in a petition for post-conviction relief. See Passerella, 891 S.W.2d at 627; Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Lastly, the petitioner's claim about the State's identification of evidence challenges the validity of his guilty plea, which is not a ground on which habeas corpus relief can be granted. See Archer, 851 S.W.2d at 164. Accordingly, these claims were properly dismissed by the trial court.

The petitioner also argues that he should not have been ordered to serve one hundred percent of his sentence. This claim was previously rejected by this court, <u>William C. Brothers</u>, 2008 WL 371187, at \*2; therefore, it cannot be litigated again in this appeal. <u>See</u> <u>John C. Tomlinson v. State</u>, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051, at \*3 (Tenn. Crim. App., at Nashville, June 28, 2002); <u>Myers v. State</u>, 462 S.W.2d 265, 269 (Tenn. Crim. App. 1970).

**<u>Conclusion</u>**. Upon review of the record and applicable law, we conclude that the petitioner is not entitled to habeas corpus relief. Accordingly, we affirm the judgment of the Circuit Court of Lauderdale County.

_____
CAMILLE R. McMULLEN, JUDGE