# JAMES MYERS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 462 S.W.2d 265.

Court of Criminal Appeals of Tennessee. Sept. 24, 1970.

Certiorari Denied by Supreme Court Dec. 21, 1970.

Jennings B. Meredith, Oak Ridge, James E. Elkins, Clinton, for plaintiff in error.

David M. Pack, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Oneida, for defendant in error.

## OPINION

OLIVER, Judge.

James Myers, the petitioner below, indigent and represented by court-appointed counsel, an inmate of the State Penitentiary where he is serving a 99-year rape sentence adjudged in the Criminal Court of Anderson County on October 1, 1957 upon his plea of guilty while

represented by two court-appointed attorneys, is before this Court upon his appeal in the nature of a writ of error from the judgment of that court dismissing his habeas corpus petition filed under the provisions of the Post-Conviction Procedure Act (T.C.A. § 40-3801 et seq.) after an evidentiary hearing.

The basis of the petitioner's present assault upon his conviction, as stated in his petition, is that he was denied effective representation by the two attorneys appointed by the court to represent him in his original trial, in that (1) they failed to "compel the attorney general and/or the Court" to clarify the indictment so as to state the degree of rape he was charged with; that is, whether the act was accomplished by the use of a deadly weapon, by getting the victim intoxicated, or by the use of drugs, and that the indictment failed to state the age and address of the prosecutrix; (2) they failed to represent him effectively upon hearing the testimony of the prosecutrix at the trial that she voluntarily engaged in the act to protect her sister who was "the true would be victim"; and (3) they permitted the Attorney General to make the last argument to the jury, and that if they had made the closing argument the jury would not have given him 99 years.

Nowhere in his petition does the petitioner claim that his guilty plea was in anywise involuntary. Of course, making no such insistence, the indicated averments critical of his court-appointed trial attorneys do not charge any constitutional infirmity in his trial.

In the first place, it is fundamental that habeas corpus is not available to test the sufficiency of indict-

ments. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Underwood v. Bomar, 335 F.2d 783 (6th Cir. 1964), cert. den. 380 U. S. 921, 85 S.Ct. 917, 13 L.Ed.2d 805; State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186; State ex rel. Carroll v. Henderson, Tenn.Crim.App., 443 S.W.2d 689. While it is equally well established, as an exception to the foregoing general rule, that when an indictment is so fatally defective as to deprive the court of jurisdiction it may be reviewed in habeas corpus proceedings, McCoy v. Pescor, 145 F.2d 260 (8th Cir. 1944), cert. den. 324 U.S. 868, 65 S.Ct. 911, 89 L.Ed. 1423, reh. den. 325 U.S. 891, 65 S.Ct. 1083, 89 L.Ed. 2004; Knight v. Hudspeth, 112 F.2d 137 (10th Cir. 1940), cert. den. 311 U.S. 681, 61 S.Ct. 62, 85 L.Ed. 439, the indictment upon which this petitioner was convicted, copies of which are included in this record, contains no such defect. Of course, the fact that the indictment does not mention the various matters which the petitioner charges should have been specified does not constitute any defect or irregularity.

■ ■ In the second place, it is clear that the petitioner's broad generalized complaint about his appointed trial counsel, in connection with what he says the prosecutrix testified at the trial, is in reality nothing more than an attempt to question the sufficiency of the evidence introduced at his trial. This he may not do. Habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence at the original trial. 39 C.J.S. Habeas Corpus § 39j, p. 518; Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152; State ex rel. Leighton v. Henderson, Tenn.

Crim.App., 448 S.W.2d 82; Shepard v. Henderson, Tenn. Crim.App., 449 S.W.2d 726. In State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497, the Court said:

"The general rule is to the same effect:

'In general, a plea of guilty in a criminal case is not evidence and does not create evidence; but it does dispense with evidence. Thus it is the general rule that it is not required in order to proceed to judgment, that the government produce evidence of guilt, or of the crime, or of the essential facts or elements thereof. Accordingly, accused, after pleading guilty, ordinarily cannot raise the issue of the sufficiency of the evidence.' 22 C.J.S. Criminal Law § 424(4)."

 The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); Moore v. Rodriguez, 376 F.2d 817 (10th Cir. 1967); Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967); Salazar v. Rodriguez, 371 F.2d 726 (10th Cir. 1967); McCord and Anglin v. Henderson, 384 F.2d 135 (6th Cir. 1967); Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

 A guilty-plea conviction is based entirely upon

the plea. Such a plea constitutes a conviction in and of itself and is conclusive. Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; Reed v. Henderson, supra; Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

■ ■ Equally without substance is the claim that his appointed attorneys failed him by not making the closing argument before the jury. It is common knowledge among the bench and bar of this State that the uniform practice and procedure in the trial of criminal cases is that the State's counsel is accorded the right to open and close the argument to the jury, subject always to the discretionary authority and power of the court to regulate and control arguments of counsel to meet the exigencies of particular situations. Such is the general law. 23 C.J.S. Criminal Law § 983; 23A C.J.S. Criminal Law § 1089.

■ It is axiomatic that without a manifest abuse of the trial court's discretion to the prejudice of the defendant or the complaining party the appellate court will not intervene to revise its action.

Notwithstanding the present petition's complete lack of substance, including the absence of any claim that the petitioner's guilty plea was involuntary, as noted, the trial court conducted an evidentiary hearing. The substance of the petitioner's testimony at that hearing is that his appointed attorneys conferred with him only twice or three times before the trial and told him that they were going to get him 99 years in the penitentiary, "or them

people are going to kill me"; that they talked to him again in the courthouse the day of the trial in the presence of his father and sister and told him substantially the same thing; and that he did not understand that he was pleading guilty, but expected a sentence of 99 years in the penitentiary because his lawyers told him that was what he was going to get. The two attorneys appointed to represent the defendant at his trial testified that the State was demanding the death penalty; that the petitioner had advised them that he was guilty and that he had no witnesses except himself; that this was an aggravated rape case and they were apprehensive that the jury might impose the death sentence; that they succeeded in working out an agreement by which the State agreed to recommend a sentence of 99 years imprisonment upon a plea of guilty; that they explained the situation and all the alternatives to the defendant, including the possibility of a death sentence, and the defendant made the decision to enter a guilty plea and take a sentence of 99 years in the penitentiary rather than enter a plea of not guilty and go to trial and run the risk of receiving the death penalty. The trial court so found, and found further that the defendant's plea was entered knowingly and understandingly and voluntarily, and that he was excellently represented by competent counsel and that they would have been negligent in their duty to him had they not advised him that the State would agree for him to plead guilty and take a sentence less than death.

■ ■ In a habeas corpus case the finding of the trial court is, of course, conclusive against the petitioner upon questions of fact unless we are able to say that the evidence preponderates against the judgment of that

court. State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W.2d 641; State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Bates v. Meadows, 358 F.2d 674 (6th Cir. 1966); State ex rel. Lawrence v. Henderson, Tenn.Crim.App., 433 S.W.2d 96; Turner v. State, Tenn.Crim.App., 447 S.W.2d 876. We find that the evidence abundantly sustains the trial judge's finding and judgment dismissing this petition.

Beyond all that, however, the defendant refers in his petition to a previous Federal habeas corpus case dismissed by the District Court and affirmed by the United States Court of Appeals for the Sixth Circuit. A copy of the District Court's judgment in that case, an exhibit in this record, shows that that Court found as follows:

"The court finds that petitioner's plea of guilty was freely and voluntarily entered upon the wise advice of competent counsel, that an appeal would have been fool-hardy, and that the petitioner in any event never advised either his counsel or the court he wanted a new trial or an appeal."

The petition also makes reference to an earlier habeas corpus case filed in the Criminal Court of Davidson County, the dismissal of which was affirmed by the Supreme Court of Tennessee. The Supreme Court's opinion in that case, filed April 7, 1965, also an exhibit in this record, specifically rejects the contentions made by the petitioner in that petition that his guilty plea was involuntary and that his trial counsel were incompetent and inadequate. In that opinion (unpublished) former Chief Justice Burnett wrote for the Court:

"In view of the fact that this State has a death penalty and the death penalty could have been requested we see nothing harmful or wrong in the attorneys advising him to plead guilty and accept ninety-nine (99) years in the penitentiary rather than take a chance on being electrocuted."

So, in contending that he was denied effective representation by his appointed trial counsel and that his guilty plea was involuntary, the petitioner again insists on relitigating questions previously determined adversely to him in two separate habeas corpus cases by courts of competent jurisdiction. This he may not do. T.C.A. §§ 40-3811 and 40-3812. State ex rel. Leighton v. Henderson, Tenn.Crim.App., 448 S.W.2d 82.

The judgment of the trial court is affirmed.

Judge Oris D. Hyder, a member of this Court when this case was argued and submitted, did not participate in this opinion.

DWYER, J., concurs.