## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT KNOXVILLE

### AUGUST 1997 SESSION



**FILED**

September 10, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STEVEN D. BASS,** | ) |
| Appellant, | ) C.C.A. No. 03C01-9612-CR-00466 |
| | ) |
| | ) Johnson County |
| V. | ) |
| | ) Honorable Lynn W. Brown, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Habeas Corpus) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Steven D. Bass, <u>Pro</u> <u>Se</u>
214227 NECC
P.O. Box 5000
Mountain City, TN 37683-5000

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Steven D. Bass, pled guilty to three counts of aggravated robbery and one count of aggravated rape. He received an effective sentence of fifteen years incarceration. Thereafter, he filed a petition for habeas corpus relief alleging that the indictment against him was fatally insufficient. The trial court denied the appellant's petition. He appeals the trial court's decision by asserting that State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), supports the proposition that the judgment entered against him is void because the indictment failed to allege the requisite mens rea for aggravated rape.

First, we note that several panels of this Court have declined to follow the holding in Hill.[1] Our Supreme Court has granted permission to appeal and is currently reviewing that decision. It, therefore, does not have precedential value with this Court.

It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. Underwood v. Bomar, 335 F.2d 783, 788 (6th Cir. 1964); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971). It is, however, equally well established that an exception to the general proposition can be made if the indictment is so fatally defective that the convicting court lacked jurisdiction to render judgment. Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970).

In the instant case the appellant contends that his indictment failed to allege the requisite mens rea for aggravated rape and is, therefore, fatally

---

[1] Although we will not reach the substantive issue, this panel is also not inclined to follow Hill.

defective.   We find that the alleged defect, even under the appellant's interpretation, would not have deprived the trial court of jurisdiction.  Therefore, this issue is not proper for habeas corpus review.

Accordingly, we find no error of law mandating reversal.  The trial court's dismissal of the appellant's petition is affirmed in accordance with Tenn. R. Ct. Crim. App., Rule 20.

_____
PAUL G. SUMMERS, Judge

CONCUR:

(SEE SEPARATE CONCURRING OPINION)
GARY R. WADE, Judge


_____
WILLIAM M. BARKER, Judge

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**AUGUST 1997 SESSION**



FILED

**September 10, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STEVEN D. BASS,          )
                           ) C.C.A. No. 03C01-9612-CR-00466

        Appellant,    )
                           ) Johnson County

V.      )
                           ) Honorable Lynn W. Brown, Judge
                           )
STATE OF TENNESSEE,    ) (Habeas Corpus)
                           )
        Appellee.     )

### CONCURRING OPINION

I concur in the affirmance. Yet footnote one of the majority opinion provides that "this panel is not inclined to follow <u>Hill</u>." In my view, it is not necessary to make such a broad statement in order to resolve the legal issue presented. The indictment is sufficient to give notice of the offense; it alleges the defendant "did unlawfully and coercively, while armed with a weapon ... sexually penetrate" the victim. In <u>State v. John Haws Burrell</u>, No. 03C01-9404-CR-00157, slip op. at 33 (Tenn. Crim. App., at Knoxville, Feb. 11, 1997), <u>perm. to appeal filed</u>, Apr. 10, 1997, a panel of this court ruled that an indictment that alleged the defendant "did then and there unlawfully engage in unlawful sexual penetration ... by the use of coercion" was sufficient. The rationale was that the term coercion implied an intentional or knowing act. In view of that ruling, I would hold that the conviction was not void.

Moreover, even if the indictment for rape were so defective as to deprive the court of jurisdiction on the rape conviction, this habeas corpus petitioner remains lawfully confined on the robbery convictions. The latter sentences do not expire for several more years. Thus, the petitioner would not be entitled to immediate release.

_____
Gary R. Wade, Judge

-5-