IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION



**FILED**

**March 12, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY JOE HARRIS, | * | C.C.A. # 02C01-9808-CC-00240 |
| Appellant, | * | LAKE COUNTY |
| VS. | * | Hon. R. Lee Moore, Jr., Judge |
| FRED RANEY, WARDEN, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Billy Harris, Pro Se
NWCX Site Two
Route 1, Box 660
Tiptonville, TN 38079

For Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

C. Phillip Bivens
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The petitioner, Billy Joe Harris, filed a habeas corpus petition alleging that his 1989 conviction for aggravated sexual battery was void for lack of jurisdiction due to a faulty indictment. He also contended that certain of the evidence offered by the state at his trial should have been excluded. The trial court concluded the petition as "not [a] proper subject for habeas corpus relief." In this appeal of right, the single issue is whether the judgment was void because of the defective indictment.

We affirm the judgment of the trial court.

The petitioner[1] was convicted of aggravated sexual battery in 1989. This court affirmed on direct appeal. State v. Billy Harris, No. 4 (Tenn. Crim. App., at Jackson, Aug. 22, 1990). After the grant of an application for permission to appeal, our supreme court affirmed. State v. Harris, 844 S.W.2d 601 (Tenn. 1992).

In his action for habeas corpus relief, the petitioner asserts that the indictment is fatally defective because it charged only that he "did unlawfully and feloniously have unlawful sexual contact with a child under 13 years of age." He claims that no culpable mental state was alleged by the state and that habeas corpus relief was warranted by virtue of the holding by a panel of this court in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996).

---

[1]In 1997, the petitioner filed a petition for writ of habeas corpus, alleging that his conviction for aggravated sexual battery was void because the indictment failed to allege the mens rea. The trial court denied relief and this court affirmed pursuant to Rule 20. Billy Joe Harris v. State, No. 02C01-9610-CC-00333 (Tenn. Crim. App., at Jackson, Feb. 24, 1997). The supreme court denied application for permission to appeal, concurring in results only, on October 12, 1998. The petitioner presents the same claim here and it has been previously determined. A petitioner may not "relitigat[e] questions previously determined adversely to him in ... separate habeas corpus cases by courts of competent jurisdiction." Myers v. State, 462 S.W.2d 265, 269 (Tenn. Crim. App. 1970) (citing Tenn. Code Ann. § 40-3811, -3812); Young v. State, 539 S.W.2d 850 (Tenn. Crim. App. 1976).

In <u>State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997), however, the supreme court reversed the holding in this court, ruling that "an indictment which fails to allege [a] mental state will be sufficient to support ... [a] conviction so long as, [among other things], the mental state can be logically inferred from the conduct alleged." <u>Id.</u> at 726-27. In <u>Ruff v. State</u>, 978 S.W.2d 95, 96-97 (Tenn. 1998), our supreme court applied the <u>Hill</u> analysis to determine whether a post 1989 Act indictment for aggravated sexual battery was sufficient. The court held that "the intentional nature of aggravated sexual battery may be inferred from the conduct alleged in the indictment–unlawful sexual contact." <u>Id.</u> at 97. This <u>Hill</u> analysis is applicable to pre-1989 Act indictments. <u>Dykes v. Compton</u>, 978 S.W.2d 528 (Tenn. 1998). The language of the indictment challenged here is the same as that in <u>Ruff</u>. (More recently, our supreme court ruled that mere reference to the statute allegedly violated will serve satisfactory notice. <u>State v. Carter</u>, _____ S.W.2d _____ (Tenn. 1999). Here there was no statutory reference.) These holdings by our high court in <u>Hill</u>, <u>Ruff</u>, and <u>Dykes</u> control the disposition in this case. In our view, the indictment satisfies the standard established by the supreme court.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
John Everett Williams, Judge

3