# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MICHAEL BELL v. TONY PARKER, Warden

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8662   R. Lee Moore, Jr., Judge**

---

**No. W2004-02991-CCA-R3-HC  - Filed May 25, 2005**

---

The Petitioner, Michael Bell, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ. joined.

Michael Bell, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On May 7, 1983, a Dyer County jury found the Petitioner, Michael Bell, guilty of murder in the second degree. *See Michael Bell v. Neil Rone, Warden*, No. 02C01-9109-CC-00216, 1992 WL 105969, *1 (Tenn. Crim. App., at Jackson, May 20, 1992), *perm. to appeal denied*, (Tenn. Jul. 27, 1992). On May 31, 1983, he was sentenced to serve fifty years as a range II persistent offender. *Id.* No direct appeal of the sentence was taken. On August 8, 1989, Petitioner filed a petition for post-

1

conviction relief. This petition was summarily denied by the trial court as time-barred. *Id.* A subsequent petition for post-conviction relief was similarly dismissed. *Id.* On September 16, 1991, Petitioner filed a petition for habeas corpus relief attacking the fifty-year sentence imposed by the trial court. *Id.* Specifically, Petitioner argued that the trial court unlawfully relied upon prior convictions from the State of Missouri to impose a range II sentence. *Id.* The trial court denied habeas corpus relief, finding, in part, that "[t]he statute authorized consideration of 'prior felony convictions,'" and "did not limit the consideration to Tennessee convictions alone. . . ." *Id.* This Court affirmed the lower court's denial pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. *Id.* Petitioner is currently confined at the Northwest Correctional Complex in Lake County, Tennessee.

On November 19, 2004, Petitioner filed a petition for writ of habeas corpus relief in the Lake County Circuit Court attacking the validity of his 1983 conviction for second degree murder. As grounds for relief, Petitioner alleged that his conviction and sentence were void because (1) the State failed to file notice of enhancement of the Petitioner's sentence and (2) the sentence imposed is greater than the maximum sentence prescribed by law. Petitioner also claimed that the decision in *Blakely v. Washington* rendered his conviction void as "[n]o jury heard the prejudicial testimony or agreed on the presence or absence of aggravating circumstances." On December 3, 2004, the trial court denied relief. A timely notice of appeal document was filed.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

Petitioner claims that the State's failure to provide him notice of its intent to use his Missouri convictions to enhance his sentence and the trial court's use of his prior Missouri convictions to impose a range II, fifty-year sentence render the conviction and judgment against him void. These claims fail. The State's failure to give notice of its intent to seek enhanced punishment does not result in an illegal or void judgment and is not, therefore, subject to habeas corpus relief. *See Milburn L. Edwards v. State*, No. M2004-01378-CCA-R3-HC, 2005 WL 544714, at *2 (Tenn. Crim. App., at Nashville, Mar. 7, 2005) (citation omitted). Moreover, the Petitioner raised these same claims in his prior petition for habeas corpus relief. These claims were previously determined as without merit by the trial court; this Court affirmed the lower

2

court's decision. *Michael Bell v. Neil Rone, Warden*, No. 02C01-9109-CC-00216, 1992 WL 105969, *1. A petitioner may not "relitigat[e] questions previously determined adversely to him in . . . separate habeas corpus cases by courts of competent jurisdiction." *Billy Joe Harris v. Fred Raney, Warden*, No. 02C01-9808-CC-00240, 1999 WL 134732, * 1, n.1 (Tenn. Crim. App., at Jackson, Mar. 12, 1999) (quoting *Myers v. State*, 3 Tenn. Crim. App. 414, 462 S.W.2d 265, 269 (1970) (internal citations omitted)). Accordingly, Petitioner is not entitled to relief on these claims.

Next, the Petitioner alleges that his convictions are void as he was denied his constitutional right to a trial by jury. In support of this proposition, Petitioner relies upon the United States Supreme Court decision in *Blakely v. Washington,* 524 U.S. –, 124 S. Ct. 2531 (2004). The Petitioner's argument has no merit. First, the argument fails because even if there was a violation of the Petitioner's constitutional right at the time of conviction and sentencing, such violation would render the judgment voidable, and not void.[1] *See Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Secondly, the *Blakely* holding is not to be applied retroactively and is, thus, inapplicable to the Petitioner's case. *Id.*; *see also Isaac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*). Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001).

The Petitioner has not established that he is entitled to habeas corpus relief. He has demonstrated neither a facially invalid judgment nor an expired sentence. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

DAVID G. HAYES, JUDGE

---

[1] Our supreme court has recently held that the Sentencing Reform Act of 1989 does not violate the Sixth Amendment guarantee of a jury trial and was not affected by either the *Blakely* or *Booker* decisions. *See State v. Edwin Gomez and Jonathan S. Londono*, No. M2002-01209-SC-R11-CD, 2005 WL 856848, *1 (Tenn. Apr. 15, 2005), *pet. for reh'g filed*, (Apr. 20, 2005). We note that, as the supreme court's decision was limited to the 1989 Sentencing Act, the *Gomez/Londono* ruling is not dispositive of the issue in this case as the Petitioner was sentenced under the 1982 Act.