IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 26, 2009

**RICHARD JOE FITTEN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 267360     Barry A. Steelman, Judge**

_____

**No. E2009-00631-CCA-R3-PC - Filed April 26, 2010**

_____

The petitioner, Richard Joe Fitten, appeals pro se from the denial of post-conviction relief by the Criminal Court for Hamilton County. Pursuant to a plea agreement, Fitten resolved case numbers 255275, 261292, and 261403. In case number 255275, Fitten agreed to the revocation of his probation and the imposition of a six-year sentence. He also agreed to plead guilty to filing a false police report, case number 261292, and retaliation for past action,[1] case number 261403. He received a two-year sentence on the false reporting offense, and one year on the retaliation offense, to be served consecutively. However, the effective three-year sentence was suspended to unsupervised probation, to be served consecutively to the six-year sentence. Although not entirely clear from his handwritten brief, Fitten claims: (1) his conviction for retaliation for past action should be dismissed because it resulted from an illegal arrest under the Fourth and Fourteenth Amendments to the United States Constitution; and (2) the evidence was insufficient to support his convictions for retaliation for past action and filing a false police report. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P. J. and D. KELLY THOMAS, JR., J., joined.

Richard Joe Fitten, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

_____

[1]The record does not include a copy of the judgment forms or the plea agreement.

**Guilty Plea Hearing**. At the petitioner's August 20, 2007 guilty plea hearing, he testified that he had reviewed the plea agreement with trial counsel and understood its terms Under the plea agreement, the petitioner conceded the probation violation, which placed the six-year sentence for that conviction into effect. Trial counsel stated that the petitioner would be eligible for parole after serving thirty percent of that sentence, and that the petitioner had already served about 600 days. Trial counsel said the petitioner would receive credit for all the time served since the onset of the case. Pursuant to the plea agreement, the petitioner also entered a guilty plea for filing a false police report, a Class D felony, and retaliation for past action, a Class E felony. The petitioner received two years of unsupervised probation for filing a false police report and one year of unsupervised probation for retaliation for past action. These sentences would be served consecutively, for an effective nine-year sentence. As part of the plea agreement, additional charges were dismissed.

The trial court informed the petitioner that he had the right to contest the probation revocation through an evidentiary hearing. The petitioner asserted that he did not violate the terms of his probation, but he felt challenging the revocation would be "a grave risk." According to trial counsel, the petitioner's probation was revoked because he acquired new charges and failed to report to his probation officer. At the colloquy, the petitioner claimed the violations arose from an unconstitutional arrest and reliance on statements of his probation officer. The petitioner expressed uncertainty about whether to enter the plea agreement, so the trial court gave the petitioner time to confer with trial counsel outside the courtroom. Upon return, the petitioner said he wished to enter the plea agreement. The trial court asked the petitioner if he was entering the plea agreement freely and voluntarily, and the petitioner said he was. The petitioner also stated that he was satisfied with the representation of trial counsel.

**Post-Conviction Hearing**. The petitioner filed a pro se motion for relief, which was treated as a petition for post-conviction relief. In the petition, the petitioner challenged the validity of the plea agreement. He claimed trial counsel told him, prior to entering the plea agreement, that he would receive two years of jail credits for time he already served on the six-year sentence. The petitioner asserted that he had not received these credits, and therefore he was "deceived" into entering the plea agreement. The petitioner also made the general assertion that his "innocence could have been proven all around." A preliminary order was issued in response to the petition. The Criminal Court for Hamilton County found that the petitioner had presented a colorable claim with regard to his convictions for filing a false police report and retaliation for past action; however, the court dismissed the petitioner's claim as to the probation revocation. As grounds for rejecting the petitioner's post-conviction claim that he was denied jail credit on his probation revocation sentence, the trial court specifically noted that the "judgment in case 255275 reflects pre[-]revocation jail

-2-

credit for the period from 1 September 2006 to 20 August 2007, the judgment in case 261292, pre-plea jail credit for the periods from 4 to 5 February and 9 to 10 May 2006, and the judgment in case 261403, pre-plea jail credit for the period from 25 August 2006 to 20 August 2007." The preliminary order also stated that the petitioner would be appointed counsel. The petitioner was appointed counsel; however, an amended petition was not filed.

The petitioner subsequently filed a series of motions including a motion for pre-trial release, a motion to "arrest the order of Judgements [sic] relating to theft over 1000 and retaliation for Past actions," a motion to dismiss his conviction for filing a false report, and a motion to suppress illegally seized evidence. The petitioner also filed a motion to exercise his constitutional right to represent himself. Post-conviction counsel advised the court that none of the motions had merit, and they were summarily denied by the post-conviction court.

Before the February 9, 2009 post-conviction hearing began, the prosecutor moved the trial court to strike the petition for post-conviction relief as moot or untimely. The prosecutor explained the State's position as follows:

> In case 255275, this defendant was on probation for six years, got a split confinement, supervised probation after 11 months and 29 days. That's what happened first.
>
> He then caught two more cases, and on August 20, 2007, the revocation, that case I just described was handled, as well as this defendant pleading guilty to those two other cases. That was again August 20, 2007. This [post-conviction] petition was filed within a year of that particular date [].
>
> The grounds that the petitioner has represented as far as what he wants the Court to grant [post-conviction] relief on is jail credit.
>
> Now, the only jail time he was ever ordered to do was that revocation, that original first case, and the Court has dismissed that because the law in Tennessee is that a revocation of probation is not something that can be raised in a [post-conviction] proceeding, so we're not going to talk about that.
>
> What we are talking about today, Your Honor, are the two cases where he actually pled guilty on August 20, and he is once he gets to those, he'll be on unsupervised probation.

* * * *

[I]f [the jail credit] goes to the revocation, it should be dismissed because he can't bring a revocation issue through the vehicle of [post-conviction] petition. If the jail credit is, also applies to these new cases where, say, he got revoked in the future and all the jail credit he's built so far he thinks doesn't apply, then maybe he can file a [post-conviction] petition.

But it's unclear from his motion, Your Honor, . . . if his jail credit issue is aimed at the revocation or the new cases or both.

The post-conviction court noted that the petitioner "did get some jail credit on those two cases that he pled to and was given probation." The post-conviction court then requested clarity from defense counsel, who explained that the petitioner was alleging ineffective assistance of counsel because he did not knowingly and voluntarily enter guilty pleas to cases 261292 and 261403, the false reporting and retaliation offenses. The post-conviction court then proceeded with the hearing.

Trial counsel testified that she inherited the petitioner's case from another attorney who negotiated the plea agreement. She said the petitioner had earned substantial credits on the six-year sentence. The six-year sentence required split confinement, and the petitioner had served eleven months and twenty-nine days before being placed on probation. The petitioner also spent several months in jail while the probation revocation was pending. Trial counsel did not recall having any discussion with the petitioner about jail credits. She stated:

[W]e probably would have reviewed his 6-year plea, which provided an 11–29 that was actually written on the plea, as I recall, that he got two for one on there, but as far as promising him any types of credits, particularly with regard to a TDOC sentence, I would not have discussed credits because I, frankly, don't know what he would qualify for in the TDOC.

The petitioner testified that the six-year sentence arose from his conviction for contraband in a penal institution. He received a split-confinement sentence, in which he served eleven months and twenty-nine days in jail before being placed on probation. The petitioner said he conceded the probation violation because trial counsel indicated he would be sentenced to eighteen years in jail if he went to trial. He testified that trial counsel said he would receive two-for-one jail credits, meaning his sentence would be credited two years for each year he had already spent imprisoned. The petitioner believed his six-year sentence would be reduced to four years based on the jail credits. Finally, the petitioner stated, "I was frauded, I feel like I was frauded, because [trial counsel] had me scared to go to trial, and if I went to a trial, she had me thinking that I would get 18 years, and I ain't never been faced

with that type of time before, so I was really frauded into accepting the plea agreement[.]"

In dismissing the petition, the post-conviction court found that the petitioner's claim regarding jail credits was without merit. The court stated that the judgment for the probation revocation was consistent with the provision regarding jail credits in the plea agreement. The court said the judgment showed that the petitioner amassed jail credits over four different periods, totaling almost two years. The court concluded that the petitioner entered knowing and voluntary guilty pleas, and that there was no clear and convincing evidence of the petitioner's innocence.

Following the dismissal, the petitioner filed a timely notice of appeal. He also filed a petition stating that he wished to proceed on appeal without the assistance of counsel. This petition was granted. The petitioner subsequently filed two separate briefs with this court appealing the post-conviction court's decision. The petitioner raises the same arguments in both briefs.

## ANALYSIS

The petitioner argues in his briefs that his convictions for filing a false police report and retaliation for past action should be dismissed. Specifically, he contends his conviction for retaliation for past action resulted from an illegal arrest under the Fourth and Fourteenth Amendments to the United States Constitution. The petitioner also asserts that his convictions for retaliation for past action and filing a false police report were not supported by sufficient evidence. In response, the State contends the petitioner waived his right to challenge these issues by pleading guilty to the charged offenses. The State also argues that these issues are waived because they were not included in the petition for post-conviction relief.

**Standard of Review**. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). Our supreme court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotations and citations omitted). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id., see also T.C.A. § 40-30-110(f) (2006). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n. 3 (Tenn. 1992)).

We agree with the State that the petitioner has not presented cognizable claims for post-conviction relief. The petitioner's claims as written in his brief were not raised before or addressed by the post-conviction court. These issues are raised for the first time in this appeal. Failure to include these claims in the petition for post-conviction relief constitutes a waiver of these claims. See T.C.A. § 40-30-106(g) (2005) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with certain exceptions not applicable to this case.); see also T.C.A. § 40-30-104(d) (2005) ("The petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all such claims are included."). The petitioner also waived his right to raise these claims by entering the plea agreement. The Tennessee Supreme Court has stated:

> The principle is well-settled in Tennessee jurisprudence that the voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997) and Wallen v. State, 863 S.W.2d 34, 38-39 (Tenn. 1993)); see also Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970) (stating that post-conviction proceedings may not be used to challenge the sufficiency of the evidence at trial). Here, the petitioner challenges the sufficiency of the evidence and the constitutionality of his arrest. These claims were waived when the petitioner pled guilty to the charged offenses. The petitioner has failed to show the post-conviction court erred in dismissing the petition. Accordingly, the petitioner is not entitled to post-conviction relief.

**Conclusion.** Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE