# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
On Brief September 21, 2010

## KEITH L. JACKSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-D-2175    Seth Norman, Judge**

---

**No.  M2010-00446-CCA-R3-HC - Filed February 1, 2011**

---

A Davidson County jury convicted Petitioner, Keith L. Jackson, of one count of possession with the intent to sell twenty-six grams or more of a substance containing cocaine in a drug-free school zone and one count of possession of a firearm with the intent to employ it in the commission of or escape from an offense.  He was sentenced to an effective sentence of thirty-six years.  Following an appeal to this Court, his conviction for possession of a firearm was reversed.  Petitioner filed a petition for post-conviction relief which was unsuccessful.  His subsequent petition for writ of habeas corpus was also unsuccessful.  Petitioner has filed a second petition for writ of habeas corpus which was summarily dismissed by the habeas corpus court.  Petitioner appeals the dismissal of his petition in this appeal.  He argues that his sentence requiring a 100% release eligibility is unconstitutional and is contrary to the Sentencing Reform Act of 1989.  After a thorough review of the record, we affirm the dismissal of the petition because these issues were determined by this Court in Petitioner's prior appeal from the dismissal of his earlier petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Keith L. Jackson, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

A jury found Petitioner guilty of possession with the intent to sell twenty-six grams or more of a substance containing cocaine in a drug-free school zone and of possession of a firearm with the intent to employ it in the commission of or escape from an offense. *State v. Keith Latrell Jackson*, No. M2004-00562-CCA-R3-CD, 2005 WL 839299, at *1 (Tenn. Crim. App., at Nashville, Apr. 12, 2005) (not for citation), *perm. app. denied*, (Tenn. Oct. 17, 2005). The trial court sentenced Petitioner to thirty-six years to be served at 100% for the possession with intent to sell and to three years to be served at 35% for possession of a firearm. The sentences were ordered to be served concurrently. *Id.* at *4. Petitioner's appeal to this Court of his convictions and sentences was unsuccessful with regard to his conviction and sentence for possession with the intent to sell twenty-six grams or more of a substance containing cocaine in a drug-free school zone. His conviction for possession of a firearm was reversed. *Id.* at *15.

Petitioner subsequently filed petition for post-conviction relief. *Keith Jackson v. State*, No. M2008-00145-CCA-R3-PC, 2009 WL 276781, at *3 (Tenn. Crim. App., at Nashville, Feb. 4, 2009). Following a hearing, the post-conviction court denied the petition. On appeal, this Court affirmed the denial of the petition for post-conviction relief. *Id.* at *1. Petitioner filed a petition for writ of habeas corpus relief. *Keith Jackson v. State*, No. M2008-01956-CCA-R3-HC, 2009 WL 1026058, at *1 (Tenn. Crim. App., at Nashville, Apr. 15, 2009). In the writ, Petitioner argued, "that his sentence was imposed in violation of the Criminal Sentencing Reform Act of 1989." The habeas corpus court summarily dismissed the petition. *Id.* Petitioner appealed the dismissal to this Court. We stated that "[t]he gist of the Appellant's claim is that he is not required to serve 100% of the minimum sentence for the applicable range." On appeal we affirmed the habeas corpus court's dismissal of the petition for writ of habeas corpus.

On February 2, 2010, Petitioner filed a new petition for writ of habeas corpus. In this petition, Petitioner argues that his sentence requiring 100% release eligibility was "imposed in direct contravention of the 'Tennessee Criminal Sentencing Reform Act of 1989'" and that the statute's requirement of 100% release eligibility is unconstitutional. The habeas corpus court summarily dismissed the petition based upon the fact that Petitioner had previously raised this issue and it was determined to be without merit. Petitioner appeals the dismissal of his current petition for writ of habeas corpus.

## ANALYSIS

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at T.C.A. § 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21. Further, in *Summers*, our supreme court explained:

In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

212 S.W.3d at 261.

We have reviewed Petitioner's petition and, as stated by the habeas corpus court, the issues raised by Petitioner have been previously adjudicated on the appeal from his prior petition for writ of habeas corpus. This Court stated:

-4-

> The gist of the Appellant's claim is that he is not required to serve 100% of the minimum sentence for the applicable range. The Appellant is mistaken. The Appellant's sentence is not void. Pursuant to the Drug-Free School Zone statute, the trial court ordered the Appellant to serve twenty-five years of the thirty-six year sentence (the minimum sentence for a Range II multiple offender convicted of a Class A felony) at 100%. *See* Tenn. Code Ann. § 39-17-432(c). Nothing on the face of the judgment in the record indicates that the trial court was without authority to impose this enhanced sentence. Furthermore, this Court has upheld the constitutionality of the enhanced sentencing provisions of the Drug-Free School Zone statute. *State v. Smith*, 48 S.W.3d 159 (Tenn. Crim. App. 2000).

*Keith Jackson*, 2009 WL 1026058, at *1. Clearly, on his previous appeal, we determined that his issues were without merit.

A previous adjudication of the issues in question bars the habeas corpus petitioner from raising the issues again in a subsequent petition. *Bryan Pearson v. State*, No. E2005-02606-CCA-R3-HC, 2006 WL 1439613, at *2 (Tenn. Crim. App., at Knoxville, May 25, 2006), *perm. app. denied*, (Tenn. Oct. 2, 2006) (citing *Myers v. State*, 462 S.W.2d 265, 269 (Tenn. 1970)).

Therefore, we affirm the habeas corpus court's dismissal of the current petition for writ of habeas corpus relief.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the habeas corpus court.

_____
JERRY L. SMITH, JUDGE