IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2015

## TIMOTHY A. BAXTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County
No. C-14-223     Donald H. Allen, Judge**

───────────────

**No. W2014-02325-CCA-R3-HC  -  Filed October 5, 2015**

───────────────

The Petitioner, Timothy A. Baxter, appeals as of right from the Madison County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends that his petition stated cognizable claims for habeas corpus relief because it alleged numerous violations of his constitutional rights, ineffective assistance of his trial and appellate counsel, "pervasive governmental misconduct," and insufficiency of the convicting evidence. Following our review, we reverse the judgment of the Circuit Court and remand the case for treatment of the petition as one for post-conviction relief and further proceedings consistent with the Post-Conviction Procedure Act.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Timothy A. Baxter, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted of felony failure to appear and sentenced to six years' confinement. See State v. Timothy Aaron Baxter, No. W2012-02555-CCA-R3-CD, 2014 WL 29102 (Tenn. Crim. App. Jan. 3, 2014), perm. app. denied (Tenn. May 29, 2014). A panel of this court affirmed the Petitioner's conviction and, on May 29, 2014, our supreme court declined to review the matter. Id.

On September 2, 2014, the Petitioner filed the instant petition for writ of habeas corpus alleging numerous violations of his constitutional rights, ineffective assistance of his trial and appellate counsel, "pervasive governmental misconduct," and insufficiency of the convicting evidence. On October 21, 2014, the Circuit Court summarily dismissed the petition for failure to state a cognizable claim for habeas corpus relief. This appeal followed.

The Petitioner's brief on appeal is nearly identical to his petition for writ of habeas corpus, raising the same issues and arguments. The State responds that the Circuit Court did not err in summarily dismissing the petition because none of the Petitioner's claims were cognizable in a habeas corpus proceeding.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

The State is correct that the petition does not raise any claims that would be cognizable in a habeas corpus proceeding. The Petitioner's numerous claims of violations of his constitutional rights and "pervasive governmental misconduct" require proof beyond the face of the record or the judgment and would make the judgment merely voidable, not void, even if proven true. Likewise, the Petitioner's claims of insufficiency of the evidence and ineffective assistance of trial and appellate counsel are not cognizable in a habeas corpus proceeding. See Luttrell v. State, 644 S.W.2d 408 (Tenn. Crim. App. 1982) (regarding claims of ineffective assistance of counsel); Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970) (regarding claims of insufficiency of the convicting evidence).

However, post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The Post-Conviction Procedure Act provides that a petition for habeas corpus relief may be treated as a petition for post-conviction relief. Tenn. Code Ann. § 40-30-105(c). Here, the petition was filed within the one-year statute of limitations, which subsequently expired during the pendency of this appeal, and in the court of conviction. See Tenn. Code Ann. §§ 40-30-102, -104(a). Accordingly, we reverse the judgment of the Circuit Court and remand this case for treatment of the petition as a petition for post-conviction relief and further proceedings consistent with the Post-Conviction Procedure Act.

Upon consideration of the foregoing and the record as a whole, the judgment of the Circuit Court is reversed, and this case is remanded to the Circuit Court for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE