IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 8, 2021

## ROOSEVELT BIGBEE v. JOHNNY FITZ, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 7185      Joe H. Walker, III, Judge**

_____

## No. W2021-00131-CCA-R3-HC

_____

The *pro se* petitioner, Roosevelt Bigbee, appeals the denial of his petition for writ of habeas corpus by the Circuit Court for Lauderdale County, arguing the trial court erred in summarily dismissing the petition as the evidence was not sufficient to sustain his conviction. After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. ROBERT W. WEDEMEYER, J., not participating.

Roosevelt Bigbee, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

## MEMORNDUM OPINION

The petitioner was convicted of first-degree felony murder in an attempt to perpetrate a robbery and sentenced to death for the murder of Monty Clymer. *State v. Bigbee*, 885 S.W.2d 797, 800-01 (Tenn. 1994). On appeal, our supreme court affirmed the petitioner's conviction but reversed his death sentence and remanded the matter for a new sentencing hearing. *Id.* On remand, the petitioner received a sentence of life imprisonment, to be served consecutively to the life-plus-11-year sentence he had received for a prior felony murder and robbery. *State v. Roosevelt Bigbee*, No. 01C01-9601-CR-

00045, 1997 WL 13738, at *1 (Tenn. Crim. App. Jan. 16, 1997), *perm. app. denied* (Tenn. Sept. 15, 1997).

The petitioner filed his first petition for writ of habeas corpus in 2016, alleging that "because he was not separately indicted for attempted robbery, the underlying felony in the felony murder indictment, he did not receive adequate notice of the charges against him." *Roosevelt Bigbee v. Jonathan Lebo, Warden*, No. W2016-01997-CCA-R3-HC, 2017 WL 838482, at *1 (Tenn. Crim. App. Mar. 3, 2017), *perm. app. denied* (Tenn. May 24, 2017). The habeas corpus court summarily dismissed the petition for failure to state a cognizable claim, and this Court affirmed the dismissal on appeal. *Id*.

In 2018, the petitioner filed his second petition for writ of habeas corpus, claiming "his conviction is void because he was tried for an offense not charged in the indictment." *Roosevelt Bigbee, Jr. v. Jonathan Lebo*, Warden, No. W2019-00051-CCA-R3-HC, 2019 WL 3814830, at *1 (Tenn. Crim. App. Aug. 14, 2019), *perm. app. denied* (Tenn. Dec. 10, 2019). Again, the petition was summarily dismissed, and this Court, again, affirmed the dismissal. *Id.* at *2.

On January 22, 2021, the petitioner filed the instant petition for writ of habeas corpus, challenging the sufficiency of the evidence and claiming the proof presented at trial "cannot sustain the conviction and sentence." On January 26, 2021, the habeas corpus court entered an order denying relief. The petitioner timely filed a notice of appeal with this Court on February 4, 2021.[1]

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute

---

[1] After the habeas court entered its order dismissing the petition and the petitioner filed his notice of appeal to this Court, the State filed a response to the petition after which the habeas court entered a second order affirming its dismissal of the petition.

is illegal and, thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. *Summers*, 212 S.W.3d at 262.

Here, the petitioner argues he is entitled to habeas corpus relief, arguing the evidence presented at trial was not sufficient to sustain his conviction. However, a challenge to the sufficiency of the evidence is not cognizable in a habeas corpus proceeding. *See, e.g., Myers v. State,* 3 Tenn. Crim. App. 414, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970) (holding that habeas corpus proceedings may not be employed to question, review, or test sufficiency of the evidence); *Gant v. State,* 507 S.W.2d 133, 136-37 (Tenn. Crim. App. 1973) (holding that habeas corpus relief is not available to challenge sufficiency of the evidence). Moreover, both our supreme court and this Court previously reviewed the evidence presented at the petitioner's trial and found it sufficient to support the petitioner's convictions. *See Bigbee*, 885 S.W.2d at 804 ("The defendant's challenge to the sufficiency of the convicting evidence is without merit."). Accordingly, the petitioner is entitled to no relief on this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE