IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 28, 2010 at Knoxville

## RICKY FLAMINGO BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 86-F-1484      Cheryl Blackburn, Judge**

**No. M2009-02056-CCA-R3-HC - Filed October 22 2010**

The petitioner, Ricky Flamingo Brown, appeals the Davidson County Criminal Court's summary dismissal of his petition for writ of habeas corpus attacking his judgment of conviction of aggravated rape and resulting life sentence. *See* T.C.A. § 39-2-603 (1986). Discerning no error, we affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Ricky Flamingo Brown.

Robert E. Cooper, Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 14, 1987, the petitioner was convicted of the aggravated rape of his 12 year-old daughter. *See Ricky Flamingo Brown v. State*, No. M2007-00158-CCA-R3-HC, slip op. at 1-4 (Tenn. Crim. App., Nashville, Feb. 11, 2008) (affirming the denial of a previous habeas corpus petition and detailing the procedural history of the conviction), *perm. app. denied* (Tenn. Aug. 25, 2008). Following his conviction but prior to sentencing, the petitioner escaped from custody. He was sentenced *in absentia* to a life sentence for this Class X felony conviction. In 1990, the petitioner was apprehended and began serving his sentence.

Multiple collateral attacks followed a failed attempt at a delayed appeal. *See*

*Ricky Flamingo Brown v. State,* No. 01C01-9708-CR-00363 (Tenn. Crim. App., Nashville, Feb. 10, 1999) (affirming denial of post-conviction relief), *perm. app. denied* (Tenn. July 12, 1999); *see also Ricky Flamingo Brown v. State,* No. M2002-01343-CCA-R3-CO (Tenn. Crim. App., Nashville, Aug. 26, 2003) (affirming denials of numerous petitions for coram nobis relief), *perm. app. denied* (Tenn. Mar. 8, 2004); *Ricky Flamingo Brown v. State,* No. M2002-02427-CCA-R3-PC (Tenn. Crim. App., Nashville, June 13, 2003) (affirming denial of request for DNA testing pursuant to the Post-Conviction Procedure Act), *perm. app. denied* (Tenn. Oct. 6, 2003).

This court also affirmed the denial of a 2006 petition for writ of habeas corpus. *See Ricky Flamingo Brown v. State*, No. M2007-00158-CCA-R3-HC (Tenn. Crim. App., Nashville, Feb. 11, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). We noted in that opinion that the petition was not the first filed by the petitioner attacking the legality of his conviction and sentence. *Id*., slip op. at 4. On May 26, 2009, the petitioner filed the instant petition seeking habeas corpus relief from his life sentence. In the petition, he alleged issues identical to those raised in the 2006 petition. On August 31, 2009, the trial court summarily dismissed the petition after finding that the issues raised were either previously determined or not cognizable. On appeal, the petitioner contends that the trial court should not have dismissed the petition.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State,* 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State,* 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.,* 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint ." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery,* 432 S.W.2d at 658; *State v. Galloway,* 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson,* 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial

court.  *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell,* 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State,* 212 S.W.3d 251, 261 (Tenn. 2007).  "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions."  *Id.*  When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition.  *Id.*

Additionally, previous adjudication of an issue bars the habeas corpus petitioner from raising the issue anew in a subsequent petition.  *See Young v. State,* 539 S.W.2d 850, 854 (Tenn. Crim. App. 1976) (stating that "in contending that he was denied counsel at his parole revocation hearing, the petitioner is again attempting to relitigate this question which was previously determined adverse to him by a court of competent jurisdiction. This he may not do."); *Long v. State,* 510 S.W.2d 83, 87 (Tenn. Crim. App. 1974) ("Indescribable chaos in the administration of criminal justice surely would be the inevitable consequence of . . . permitting convicted persons to raise repeatedly and without limitation questions previously and finally adjudicated adversely to [them].");  *Myers v. State,* 462 S.W.2d 265, 269 (Tenn. Crim. App. 1970) (stating that appellant could not relitigate questions previously determined adversely to him in two separate habeas corpus cases by state and federal courts of competent jurisdiction).

From a review of the record, we agree with the trial court that all of the issues raised in the present petition have been previously determined adversely to the petitioner in prior litigation.  We further note that several issues regarding the lack of a sentencing hearing transcript, notice to seek enhanced sentence, and sentencing findings of the original trial court are simply not supported by the record, nor would they be cognizable in a habeas corpus proceeding.  Accordingly, we affirm the summary dismissal of the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE