IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2012

## GERRALDO[1] WHITE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 04-07181     W. Otis Higgs, Judge**

**No. W2011-02295-CCA-R3-PC  - Filed August 1, 2012**

The petitioner, Gerraldo White, appeals the denial of his petition for post-conviction relief. The petitioner asserts that the post-conviction court erred in dismissing his petition without appointing an attorney to represent him, without holding an evidentiary hearing on the issues raised, and without allowing him an opportunity to respond to the State's brief opposing his petition. After a thorough review of the record, we conclude that the petitioner has asserted no colorable claim to relief, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, J.J., joined.

Gerraldo White, pro se.

Robert E. Cooper, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner's convictions arose out of the robbery and murder of Deangelo Shaw. As detailed in this Court's opinion on direct appeal, the petitioner and Joshua Taylor were riding in a car driven by Quincie Washington on the night the crimes were committed. *State*

---

[1]The petitioner's name on direct appeal is spelled "Gerraldo White." In the materials submitted to the post-conviction court, which were apparently prepared with the assistance of an inmate legal aide, the petitioner's name appears alternately as "Geraldo White" and "Gerraldo White." We have respectfully chosen to use the spelling "Gerraldo White" to avoid confusion regarding the identity of the petitioner.

*v. White*, No. W2008-02579-CCA-R3-CD, 2010 WL 271271(Tenn. Crim. App. Jan. 25, 2010). Quincie Washington was thirty-one years old at the time of the trial, which took place four years after the murder, and the petitioner and Joshua Taylor were both fifteen years old at the time the crimes were committed. The petitioner, Mr. Washington, and Mr. Taylor saw the victim walking and forced him into the car, where the petitioner demanded the victim's property at gunpoint. They drove to a secluded location and got out of the car. The victim was shot once, carried, struggling, to a field, and shot several more times; his body was then doused in gasoline and set on fire. At trial, Mr. Taylor testified that the petitioner had a nine millimeter pistol, that Mr. Washington had a .38 pistol, that Mr. Washington fired all the shots, and that the petitioner doused the body in gasoline at Mr. Washington's direction and Mr. Washington set it on fire. According to the petitioner's statement, introduced at trial, the petitioner was carrying a .38 revolver that Mr. Washington had given him, Mr. Washington had a nine millimeter pistol or a "forty," and the petitioner fired the first shot at the victim, hitting him in the leg. The petitioner's statement claimed Mr. Washington fired the remaining shots and that Mr. Taylor and Mr. Washington poured gasoline on the body and set it on fire. The petitioner averred he was afraid of Mr. Washington and did not intend for the victim to get killed. The bullet fragments recovered from the body – none of which were from the leg – could not have been fired by a .38 revolver. The petitioner was convicted of felony murder, especially aggravated robbery, and second degree murder, and sentenced to fifteen years for the robbery conviction, fifteen years for the second degree murder conviction, and life in prison for felony murder. On appeal, this Court ordered the second degree murder conviction to be merged with the felony murder conviction and modified the conviction for especially aggravated robbery to a conviction for aggravated robbery. The cause was remanded for resentencing, and the petitioner subsequently filed a post-conviction petition. The date and nature of the new sentence imposed are not included in the record, but the petitioner states that his resentencing took place in September 2010.

The petitioner's pro se petition raised two grounds for relief: (1) the petitioner asserts that his counsel was ineffective in failing to investigate or present mitigating evidence at sentencing, including his age, the relative age and dominance of Mr. Washington, his potential for rehabilitation, his lack of familiarity with the criminal justice system, his mental immaturity, and his affliction with ADHD and bipolar disorder; and (2) the petitioner claims a due process and equal protection violation based his assertion that Mr. Washington agreed to plead guilty to facilitation of first degree murder and received only an eight-year sentence, despite the fact that he believes the evidence shows that Mr. Washington was the sole shooter.

The State filed a response to the petition on September 23, 2011, arguing that the petitioner's allegations did not require the appointment of counsel or an evidentiary hearing.

Characterizing the petitioner's challenges as disputing his sentence as excessive and disputing the sufficiency of the evidence, the State argued that the trial court had imposed the mandatory minimum sentence and had no discretion to apply mitigating factors to lessen the sentence and that the sufficiency of the evidence had already been litigated and the petitioner had admitted to the elements of the crime in his petition. On the same date, the post-conviction court dismissed the petition without holding an evidentiary hearing or appointing counsel. The post-conviction court found that the petitioner had not asserted a cognizable claim under the Post-Conviction Procedure Act. The petitioner filed a motion for reconsideration, noting he had not received or had a chance to respond to the State's brief. The petitioner then filed a timely notice of appeal. On appeal, the petitioner asserts that the post-conviction court erred in dismissing his petition without affording him an opportunity to review or respond to the State's brief, without appointing an attorney to represent him, and without holding an evidentiary hearing.

## Analysis

A petitioner is entitled to post-conviction relief if he is able to establish that his conviction or sentence is void or voidable due to the abridgment of a constitutional right. T.C.A. § 40-30-103 (2010). To prevail, the petitioner bears the burden of proving the allegations of fact in his petition by clear and convincing evidence. T.C.A. § 40-30-110. Appellate review of a post-conviction court's legal conclusions is de novo with no presumption of correctness. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). The summary dismissal of a petition for post-conviction relief is thus reviewed de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004).

### A. Dismissal Without Appointment of Counsel, a Hearing, or Opportunity to Respond to the State's Answer

The petitioner asserts the post-conviction court erred in dismissing his petition without appointing counsel or affording him an opportunity to present evidence at a hearing or respond to the State's answer. When a post-conviction petition for relief is filed, the post-conviction court initially determines if there is a colorable claim for relief. If the post-conviction court determines the petition presents a colorable claim for relief, counsel shall be appointed to represent an indigent petitioner. Tenn. Sup. Ct. Rule 28 § 6(B)(3)(a). However, if the court determines that the petition has not made out a colorable claim, it must either dismiss the petition or allow it to be amended. Tenn. Sup. Ct. Rule 28 § 6(B)(4)(a). A colorable claim is one which "if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. Rule 28 § 2(H). Dismissal without a hearing is appropriate if the petition fails to state the reasons that the claim has not been waived or if the petition does not entitle the petitioner to

relief even if taken as true. Tenn. Sup. Ct. Rule 28 § 5(F)(4)-(5); T.C.A. § 40-30-106(f) ("If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed."). Furthermore, the post-conviction court may dismiss the petition without appointing counsel if it finds that the petition has failed to state a colorable claim. *Pewitt v. State*, 1 S.W.3d 674, 676 (Tenn. Crim. App. 1999).

Although the petitioner challenges the dismissal of his petition prior to the appointment of counsel, an evidentiary hearing, or the opportunity to respond to the State's answer, the Post-Conviction Procedure Act contemplates dismissal when the post-conviction court is able to determine that the petitioner would not be entitled to relief based on the allegations in the petition. Initially, the post-conviction court reviews the petition and determines whether the petitioner has presented a colorable claim for relief. *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). The post-conviction court may dismiss the petition at this stage. *Id.* On the other hand, it may appoint counsel, allow for the petition to be amended, and, after reviewing the record, including the State's response, nevertheless conclusively determine that the petition presents no colorable claim and dismiss the petition without a hearing. *Id.* at 407. We conclude that, if the petition did not state a colorable claim, the post-conviction court was not required to hold an evidentiary hearing or to appoint counsel.

Furthermore, there is no statutory right for the petitioner to reply to the State's answer. T.C.A. § 40-30-109 ("If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition."); T.C.A. § 40-30-108 (detailing content of State's answer but omitting to mention petitioner's reply); Tenn. Sup. Ct. Rule 28 § 5(G)-(H) (same); *see also* Tenn. Sup. Ct. Rule 28 § 6(C) (detailing petitioner's and State's obligations); Tenn. Sup. Ct. Rule 28 § 2 (definitions include "petition," "answer," and "motion to reopen," but omit petitioner's reply). Dismissal is based on whether the petition itself has stated a colorable claim entitling the petitioner to relief. Although the post-conviction court may await a reply from the petitioner, *see Parton v. State*, 483 S.W.2d 753, 755 (Tenn. Crim. App. 1972) ("Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply."), the post-conviction court may also dismiss the petition *sua sponte*, prior to any answer from the State. Because the post-conviction court's dismissal hinges on its conclusive determination that the petition states no colorable claim, it was not obligated to wait for either the State's answer to the petition or the petitioner's reply prior to dismissal.

We note that, in the event of the dismissal of a post-conviction petition, the Rules also require the post-conviction court to

enter an order specifying its findings of fact and conclusions of

-4-

law in support of the determination that the petition does not state a colorable claim. The order shall state specifically the facts which support dismissal including whether the petition is barred by the statute of limitation, was filed in a court without jurisdiction, or whether the petition fails to specify the grounds for relief, the facts supporting those grounds, or fails to establish that the claim(s) have not been waived or previously determined.

Tenn. Sup. Ct. Rule 28 § 6(B)(4)(c). *See also* T.C.A. § 40-30-111(b) ("Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground."); T.C.A. § 40-30-106(f) ("The order of dismissal shall set forth the court's conclusions of law."). Although the post-conviction court failed to set forth its findings and legal conclusions, reversal is not necessary if the record is sufficient for meaningful appellate review. *See Rickman v. State*, 972 S.W.2d 687, 692 (Tenn. Crim. App. 1997); *State v. Swanson*, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984); *see also Wallen v. State*, No. E2000-02052-CCA-R3-PC, 2001 WL 839533, at *3 (Tenn. Crim. App. July 25, 2001) (finding the record allowed for meaningful appellate review where the "issue is resolved in this appeal by the language of the petition"). The post-conviction court, apparently persuaded by the State's characterization of the claims as challenging the sufficiency of the evidence and length of the petitioner's sentence, summarily dismissed the petition with only the statement that the petitioner had "not asserted a cognizable claim." Because the petition's dismissal is a question of law reviewed de novo and because the record includes all materials before the post-conviction court, we conclude that the record is sufficient for meaningful appellate review.

### B. Colorable Claim

Whether the post-conviction court erred in dismissing the petition without appointing counsel or holding an evidentiary hearing, therefore, hinges on whether the petitioner asserted a colorable claim to relief. "[I]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Burnett v. State*, 92 S.W.3d at 406.

Contrary to the State's assertion in both its response to the post-conviction petition and in its appellate brief, the petitioner's claims are not merely challenges to the sufficiency of the evidence or to an excessive sentence. While the headings in the petition do not assert constitutional violations, a brief review of the petition itself reveals that the petitioner alleges that his constitutional rights were violated in that his counsel was ineffective in failing to

present mitigating circumstances to the trial court at sentencing and in that his sentence was disproportionate. Accordingly, we examine whether either challenge presents a colorable claim for relief.

## 1. Ineffective Assistance of Counsel

The petitioner's right to representation by counsel is guaranteed by the Sixth Amendment to the United States Constitution and by article I, section 9 of the Tennessee Constitution. This is the right to the reasonably effective assistance of counsel. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). In order to prevail in his claim that his counsel's performance was an abridgment of his constitutional rights, the petitioner must show both that his counsel's performance was deficient and that this deficiency resulted in prejudice. *Id.* Counsel is effective if counsel's performance falls within the range of competence required of criminal defense attorneys. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Prejudice does not require showing that the deficient performance more than likely affected the outcome of trial; instead, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because the petitioner must prove both deficiency and prejudice, the court can deny the petition based on a failure to show either prong; it need not address both components. *Goad*, 938 S.W.2d at 370.

In this case, the petitioner argues that his counsel was ineffective in failing to present certain mitigating evidence for the trial court to consider during sentencing. The petitioner was convicted of aggravated robbery and first degree murder. He received a sentence of life imprisonment for the first degree murder conviction for an effective life sentence. Under statute, a conviction for first degree murder is punishable by death, life imprisonment without the possibility of parole, or life imprisonment. T.C.A. § 39-13-202(c). Because the petitioner received the minimum sentence for his conviction and because the trial court lacked discretion to alter his sentence, the petitioner will not be able to show prejudice. We conclude that the post-conviction court did not err in dismissing this allegation for failure to state a colorable claim.

## 2. Proportionality Review

The petitioner next challenges his sentence's comparative proportionality. Insofar as the petition asserts a challenge to the sufficiency of the evidence showing the petitioner's participation in the crimes of which he was convicted, that issue has been previously determined on direct appeal and is not cognizable as a post-conviction claim. *Myers v. State*, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970). However, the petitioner also asserts that

Quincie Washington's greater role in the murder and comparative age and influence, combined with the fact that Mr. Washington pled guilty to facilitation of first degree murder and was sentenced to only eight years in prison, is a violation of his right to due process and equal protection. A pro se post-conviction petition is held to less stringent standards than one prepared with the assistance of counsel, *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993), and we interpret this claim as a challenge to the comparative proportionality of the petitioner's sentence under the Eighth Amendment to the United States Constitution and the broader protection afforded by article I, section 16 of the Tennessee Constitution. While the trial court, as noted above, had no discretion to impose a lesser sentence, the petitioner may challenge the mandatory minimum sentence required by statute.

Except under certain circumstances not relevant here, a ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. T.C.A. § 40-30-106(g). Furthermore, a post-conviction petition is subject to dismissal without a hearing if it "does not state the reasons that the claim is not barred by the statute of limitations, waived, or previously determined." Tenn. Sup. Ct. Rule 28 § 5(F)(4). Accordingly, "when a trial court determines . . . that a claim has been waived, the trial court may, in its discretion, summarily dismiss the petition without the appointment of counsel. Almost any ground for relief, except ineffective assistance of counsel, could be raised during trial, and failure to do so will be deemed a waiver." *Blair v. State*, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997). The petition does not include any reason that this claim was not raised on direct review; accordingly, the claim is waived. Moreover, the Tennessee Supreme Court has noted that "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *State v. Harris*, 844 S.W.2d 601, 602 (Tenn. 1992) (quoting *Solem v. Helm*, 463 U.S. 277, 289-90 (1983)). In this case, the petitioner's challenge would not survive the threshold inquiry of non-capital proportionality review – whether the sentence is grossly disproportionate to the crime committed, *id.* at 603 – and review would not extend to a comparative analysis of the sentences imposed for the similar crimes. The petitioner's challenge, furthermore, is based on his co-defendant's guilty plea to a different crime – facilitation of first degree murder. *See also State v. Pruitt*, 2011 WL 2417856, at *40-41 (Tenn. Crim. App. June 13, 2011) (concluding that death sentence was not grossly disproportionate to the offense of felony murder). Because the petitioner has waived this issue by failing to present it on direct review, the post-conviction court did not err in finding that the petitioner presented no colorable claim.

## CONCLUSION

We conclude that the post-conviction petition does not state a colorable claim to relief

-7-

under the Post-Conviction Procedure Act, and accordingly affirm the post-conviction court's summary dismissal.

_____
JOHN EVERETT WILLIAMS, JUDGE