IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 19, 2015

## GEORGE HARDIN v. STATE OF TENNESSEE and ERIC QUALLS, WARDEN

**Appeal from the Circuit Court for Bledsoe County
No. 2014-CR-79    J. Curtis Smith, Judge**

_____

**No. E2014-01458-CCA-R3-HC – Filed August 31, 2015**

_____

The Petitioner, George Hardin, appeals the Bledsoe County Circuit Court's denial of his third petition for habeas corpus relief from his 1988 conviction for first degree murder and his life sentence. He contends that (1) although he has filed two previous petitions for habeas corpus relief, the arguments contained in the petitions were not considered and (2) the 1990 judgment and a 1996 order are void because the trial court lacked jurisdiction to enter them. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Patrick G. Frogge, Nashville, Tennessee, for the appellant, George Hardin.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 12, 1988, the Petitioner was convicted of the first degree murder of a fellow inmate at the Fort Pillow State Farm and Prison and was sentenced to life imprisonment. This court affirmed the Petitioner's conviction. *See State v. Larry David Reeves and George Edwin Hardin*, No. 3, 1989 WL 73005 (Tenn. Crim. App. July 5, 1989), *perm. app. denied* (Tenn. Oct. 2, 1989).

The Petitioner filed a petition for post-conviction relief on June 15, 1990. On August 30, 1990, while the post-conviction petition was pending, the trial court entered a judgment for the Petitioner's murder conviction ordering the Petitioner to serve his life sentence consecutively to a previously imposed sentence he was then serving. On April 10, 1991, the post-conviction court denied relief. This court affirmed the denial. *See Larry David Reeves and George Edwin Hardin v. State*, No. 02C01-9107-CC-00159, 1992 WL 99053 (Tenn. Crim. App. May 13, 1992), *perm. app. denied* (Tenn. Aug. 31, 1992).

On April 15, 1996, the trial court entered an order titled "Finding of Facts and Conclusions of Law." In the order, the court concluded that the murder conviction did not satisfy the requirements of Tennessee Criminal Procedure Rule 32 regarding consecutive sentencing and ordered the Petitioner's life sentence to be served concurrently with the previously imposed sentence, rather than consecutively.

The Petitioner filed his first pro se petition for a writ of habeas corpus on August 5, 2005.[1] He alleged multiple grounds for relief, including that the trial court lacked jurisdiction to sentence him to life imprisonment, that his sentence was void because he was sentenced without a presentence report or a sentencing hearing, that the judgment was void because no minutes existed relative to his "sentencing hearing" or the motion for a new trial, that the motion for a new trial was void because he was not present at the hearing and because his counsel was not allowed to present proof, and that the judgment was void because it was entered two and one-half years after the guilty verdict. He noted that a judgment was not filed, signed, or entered into court minutes before the denial of the motion for a new trial or while his appeal was pending.

The habeas corpus court denied relief, concluding that the allegation the judgment was dated after the Petitioner's case had been appealed would not render the judgment void. This court affirmed the denial. *See George Edwin Hardin v. State and Virginia Lewis, Warden*, No. E2005-02944-CCA-R3-HC, 2006 WL 3421271 (Tenn. Crim. App. Nov. 28, 2006), *perm. app. denied* (Tenn. Mar. 12, 2007). This court concluded that the Petitioner's sentence was valid under the relevant sentencing act and had not expired. *Id.* at *4. This court also concluded that the Petitioner's claim of inadequacies in the court minutes would render the judgment voidable, not void. *Id.* This court concluded the

---

[1] The first petition for habeas corpus relief is contained in the present appellate record but appears to differ from the first petition contained in the appellate record for *George Hardin v. Jim Morrow, Warden,* E2009-01946-CCA-R3-HC, 2010 WL 1444489 (Tenn. Crim. App. Apr. 12, 2010). We summarize the petition contained in the present appellate record. We note, however, that pursuant to Tennessee Code Annotated section 29-21-107(b)(4) (2014), a copy of the previous petitions or satisfactory reasons for failure to include them are required to be produced.

petition failed to establish that the judgment was void or that the trial court lacked jurisdiction. *Id*.

The Petitioner filed his second petition for a writ of habeas corpus on June 22, 2009. He alleged that this court's prior affirmation of his conviction was void because this court lacked jurisdiction to consider his appeal and that the judgment was facially void because it reflected an illegal consecutive life sentence. The habeas corpus court denied relief. Relative to the first allegation, the court found that the issue had been previously determined and that this court's jurisdiction in the Petitioner's appeal would not have affected the validity of his conviction in the trial court. As to the second allegation, the habeas corpus court found that the Petitioner's initial consecutive sentence did not render his conviction void because the Petitioner did not argue the initial consecutive sentence or the subsequent order for a concurrent sentence contravened any statute and because the April 1996 order corrected any potential error. The court found that the Petitioner failed to show that the judgment was facially void.

This court affirmed the denial pursuant to Tennessee Court of Criminal Appeals Rule 20. *See George Hardin v. Jim Morrow, Warden*, E2009-01946-CCA-R3-HC, 2010 WL 1444489, at *2 (Tenn. Crim. App. Apr. 12, 2010) (memorandum) (stating "the remedy of habeas corpus may not be used to resurrect and relitigate matters which have been raised and determined in a prior suit for habeas corpus . . . unless a change in the law renders the petitioner's conviction void"). This court concluded that no change in the law had occurred since its previous decision to render the Petitioner's conviction or the judgment void. *Id*.

The Petitioner filed his current petition for a writ of habeas corpus on May 12, 2014. He alleged that none of the previous reviewing courts addressed his claim that the judgment and the April 15, 1996 order were void because the trial court lacked jurisdiction and that the filing of a notice of appeal and the denial of the motion for a new trial each divested the trial court of jurisdiction to enter the late-filed judgment and order. The habeas corpus court denied relief on the basis that the allegation the judgment was void for lack of jurisdiction had been previously determined and was without merit. The court also found that the trial court acted within its authority in entering the late-filed judgment upon discovering that no judgment had been filed. This appeal followed.

In his brief, the Petitioner acknowledges the existence of his previous petitions, but he contends that "the arguments contained in the first two petitions were not considered due to an apparent misunderstanding of his claim." He argues that the first panel of this court should have concluded that the trial court lacked jurisdiction if the panel had examined the record. He then argues that the second panel of this court "merely deferred to the judgment" of the first panel. He emphasizes that "it is the record,

not the face of the judgments, which indicates that the judgments are void."

The State argues the Petitioner failed to comply with Tennessee Code Annotated section 29-21-107(b)(2) by not including a copy of the April 15, 1996 order in the appellate record. Further, the State argues the Petitioner's claim is barred by collateral estoppel because the claim was previously determined during his first habeas corpus suit. Finally, the State argues the Petitioner's claim is meritless because the Petitioner fails to acknowledge the distinction between the "rendition of judgment" and the "entry of judgment." We conclude that the Petitioner is not entitled to relief.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In this case, the Petitioner's issue regarding whether the trial court lacked jurisdiction to enter the late-filed judgment and order was previously determined by this court.

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually

before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

*Joseph B. Thompson v. Tony Parker, Warden*, No. W2008-02399-CCA-R3-HC, 2009 WL 4723404, at *4 (Tenn. Crim. App. Dec. 9, 2009) (internal quotation marks omitted); *see Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.,* 975 S.W.2d 303, 306 (Tenn. 1998); *see also Mack Transou v. Jerry Lester*, *Warden*, No. W2013-00293-CCA-R3-HC, 2013 WL 5745704, at *5 (Tenn. Crim. App. Oct. 21, 2013) (stating the law of the case doctrine "bars a petitioner from raising the issue anew in a denial of habeas corpus relief"), *perm. app. denied* (Tenn. Jan. 14, 2014); *Myers v. State*, 462 S.W.2d 265, 269 (Tenn. Crim. App. 1970) (holding that a petitioner may not relitigate questions previously determined adversely to him in two separate habeas corpus cases by courts of competent jurisdiction).

The record reflects the Petitioner raised in his first petition for habeas corpus relief the allegation that the trial court lacked jurisdiction to enter the judgment two and one-half years after his conviction. This court, in upholding the denial of habeas corpus relief, concluded that the judgment was merely voidable at best and that the petition failed to establish that the judgment was void or that the trial court lacked jurisdiction. Because the facts presented in the first habeas corpus petition and the present petition were the same and because the Petitioner's issue was necessarily decided in that first habeas corpus appeal, we conclude that his issue was previously determined.[2] "Continued filing with a slight modification of [the] argument will not result in a different conclusion." *Mack Transou*, 2013 WL 5745704, at *5.

Even though the Petitioner's claim that the judgment and the April 15, 1996 order are void has been determined previously by this court, this claim is also without substantive merit. Relative to the entry of a judgment, our supreme court has held that the failure of a trial court to enter a judgment is not a basis for habeas corpus relief. *See James William Taylor a/k/a Lutfi Shafq Talal v. State*, No. M2007-01405-CCA-R3-HC, 2008 WL 1699443, at *3, *5 (Tenn. Crim. App. Apr. 11, 2008) (citing *Lufti Shafq Talal a/k/a James William Taylor v. State*, No. M2005-02964-SC-R11-HC (Tenn. Nov. 13, 2006) (order)) (stating our supreme court described the trial court's failure to enter a judgment as a clerical mistake), *perm. app. denied* (Tenn. Aug. 25, 2008). Relative to amending a judgment, this court has held that an amended judgment entered nearly eight years after a petitioner's guilty plea to correct an illegal sentence was not void for purposes of habeas corpus relief because the trial court had jurisdiction to correct the

---

[2] Although the validity of the April 15, 1996 order may have been argued by the Petitioner for the first time in the present petition for habeas corpus relief, the facts of the case at the time of the first and present petitions were the same because the order had already been entered when the first petition was filed. Further, the Petitioner presents the same arguments for the voidness of the order and the judgment.

illegal sentence. *Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at \*1, \*3 (Tenn. Crim. App. Aug. 19, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010).

Based upon the foregoing and the record as a whole, we conclude that although the Petitioner's issue has been previously determined by this court, the trial court had jurisdiction to enter the late-filed judgment and order for concurrent sentences. Accordingly, we conclude that the habeas corpus court did not err by denying the Petitioner relief.

We affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE