IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2020

## ARTURO CARDENAS, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-4177    Jennifer Smith, Judge**

_____

### No. M2019-00899-CCA-R3-HC

_____

Pro se petitioner, Arturo Cardenas, Jr., appeals the summary dismissal of his "Petition for Writ of Habeas Corpus and/or Post Conviction Relief." Upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Arturo Cardenas, Jr., Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Glenn Funk, District Attorney General; and Dan H. Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Petitioner was originally convicted by a jury of knowingly "possess[ing] with intent to deliver three hundred (300) pounds (316,050 grams) or more of a substance containing marijuana, a Schedule VI controlled substance within 1,000 feet of the grounds of a child care agency and a public elementary school, in violation of Tennessee Code Annotated § 39-17-417," a Class A felony. State v. Arturo Cardenas, No. M2017-01718-CCA-R3-CD, 2018 WL 1831122, at *1 (Tenn. Crim. App. Apr. 17, 2018), appeal denied (Aug. 10, 2018). The original May 2009 judgment reflected that he received a mandatory minimum fifteen-year sentence, and the boxes for "Violent 100%" and Drug Free School Zone were checked. Id. The record does not show that the Petitioner filed a direct appeal or post-conviction appeal challenging his conviction or sentence. On July 14, 2017, the Petitioner filed a pro se "Motion for Correction of Illegal Sentence" pursuant to Tennessee Rules of Criminal Procedure 36.1, claiming, inter alia, that "his

illegal sentence which ha[d] him classified as a standard, violent offender with a release eligibility of one-hundred percent ... [was] in direct contravention of the express provision of Tenn. Code Ann. §§ 40-6-106 and 39-17-417[.]" Id. On July 19, 2017, the trial court summarily dismissed the Rule 36.1 motion for failure to state a cognizable claim for relief. In its order, the trial court acknowledged a clerical error in the judgment because the Petitioner's 100% service was not as a violent offender as shown on the original judgment form. The trial court entered an amended judgment reflecting, "[t]he number '15' [] written in the blank after 'Mandatory Minimum Sentence Length' and '39-17-417' was circled, 'Drug Free School Zone. 15 yr @ 100%.' was handwritten in the 'Special Conditions' box." This court affirmed the judgment of the trial court. Id. at 3.

On December 3, 2018, the Petitioner filed the instant pro se petition with the Davidson County clerk alleging that his sentence is illegal and void. In support of his petition, the Petitioner acknowledged that he had not previously filed a direct appeal or post-conviction appeal challenging his conviction and sentence. The Petitioner also acknowledged that he did not timely file a petition for post-conviction relief. However, as we understand his claim, the Petitioner asserted that he is entitled to due process tolling of the one-year statute of limitations, which was triggered upon the entry of the July 19, 2017 amended judgment. The remainder of the petition disputed factual issues pertaining to the Petitioner's trial including his possession of the contraband and the distance of the childcare center. The petition also referred to changes in the district attorney's approach to the law governing drug free school zone enhancements and reversal of certain cases involving the same. Finally, the Petitioner asserted that he did not file the petition in Wayne County as required by section 29-21-105 of the Code because the Davidson County criminal court was in possession of the records pertaining to his conviction and sentence and may correct an illegal sentence at any time.

By written order on May 8, 2019, the Davidson County criminal court summarily dismissed the petition, reasoning that it did not state a cognizable claim for habeas corpus relief and that, in any event, it was procedurally defective. The court also analyzed the petition as one requesting post-conviction relief and noted that there were "no valid grounds for that remedy either, [because the Petitioner's] request comes too late[.]" The Petitioner filed a timely notice of appeal, and this case is properly before this court for review.

## ANALYSIS

The Petitioner contends that the trial court erred in summarily dismissing his petition. First, applying habeas corpus law, the Petitioner insists that the trial court erred in dismissing his petition based on procedural default. He argues that his sentence is

illegal and that, under Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008), filing the petition in the Davidson County criminal court, the court of conviction, was permissible. Secondly, applying post-conviction law, the Petitioner insists that the one-year statute of limitations was re-triggered upon entry of the July 2017 amended order, and that his conviction became final thirty days after the denial of his Rule 11 petition to the Tennessee Supreme Court. He therefore claims that the trial court erred in failing to appoint counsel and in failing to provide an evidentiary hearing. Under either interpretation, the State responds that summary dismissal was proper. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella

v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). As relevant here, Tennessee Code Annotated section 29-21-105 provides that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient."). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21. Finally, a petitioner's pro se status does not excuse his procedural deficiencies within the context of habeas corpus relief. See Summers, 212 S.W.3d at 261 (declining to "incorporate the liberal procedural safeguards of the Post-Conviction Procedure Act into the provisions governing habeas corpus" and reiterating that habeas corpus procedures are "mandatory and strictly applied" even against pro se petitioners).

Upon our review, the petition states that it was filed in the court of conviction, Davidson County, which is not the court nearest to the Petitioner, because a court of conviction "can correct an illegal sentence at any time and is in possession of the records pertaining to his sentence." As noted above, this is a sufficient reason to overcome procedural default for failure to comply with section 29-21-105. Nevertheless, we agree with the trial court and conclude that the petition failed to state a cognizable ground for relief. The Petitioner asserted that his sentence is "illegal" and "in violation of Tenn. Code Ann. Section 39-17-417 . . . on the face of the judgment, indictment and the underlying proceedings." However, in support of this claim, he raises the same arguments that were previously described by this court as challenges to the sufficiency of the evidence supporting the conviction which should have been raised on direct appeal. Arturo Cardenas, 2018 WL 1831122, at *3. Here, we note that claims which challenge the sufficiency of the evidence are not cognizable grounds for habeas corpus relief. See Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970) ("Habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence at the original trial."); William C. Brothers v. State, No. W2008-00748-CCA-R3-HC, 2009 WL 1643434, at *3 (Tenn. Crim. App., at Jackson, June 12, 2009), perm. to appeal denied (Tenn. Oct. 26, 2009) ("To the extent that the petitioner challenges the sufficiency of the evidence, ... those claims do not present cognizable grounds for habeas corpus relief."); Jackie F. Curry v. State, No. E2007-02526-CCA-R3-

HC, 2008 WL 3066823, at *2 (Tenn. Crim. App., at Knoxville, Aug. 4, 2008), perm. to appeal denied (Tenn. Dec. 8, 2008) ("[A]n attack on the sufficiency of the evidence is not a proper basis for habeas corpus relief."). Accordingly, the Petitioner is not entitled to relief.

Alternatively, the Petitioner contends that the trial court erred "by summarily denying his post[-]conviction petition without holding a hearing, ruling on his indigency status, and not appointing counsel considering the mandatory language[.]" When the trial court entered the July 2017 amended order, the Petitioner argues that the one-year statute of limitations for post-conviction relief was reset. Steven Padgett King v. State, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, at *1 (Tenn. Crim. App. Aug. 30, 2017)(noting that upon the entry of an amended judgment the one-year statute of limitations period for post-conviction relief is reset) (citing Michael Garrett v. State, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *4 (Tenn. Crim. App. Aug. 19, 2009) and Manny T. Anderson v. State, No. M2002-00641-CCA-R3-PC, 2003 WL 2002092, at *4 (Tenn. Crim. App. April 30, 2003)). The Petitioner asserts that he had until August 10, 2019, one year from the Rule 11 denial by the Tennessee Supreme Court, to file a petition for post-conviction relief.

The Petitioner misapprehends the principle holdings of the cases upon which he relies, none of which are applicable here. While it is true that the one-year statute of limitations for post-conviction relief begins anew from the entry of an amended judgment, in such a case, the issues that may be raised are limited to and stem from the amendment. See e.g., Dennis J. Rountree v. State, No. M2008-02527-CCA-R3-PC, 2009 WL 3163132, at *1 (Tenn. Crim. App. Oct. 2, 2009) (holding that a change to a judgment to include mandatory community supervision was not merely correction of a clerical error, but instead resulted in an illegal sentence; because the corrected judgment changed the sentence in a unforeseen manner, the defendant was entitled to file a post-conviction petition within one year of the corrected judgment). As such, even assuming the petition was timely filed, it failed to state a colorable claim of post-conviction relief. The petition neither asserts an abridgment of a constitutional right nor a challenge to the amended judgment. Instead, it seeks to revisit the substance of the Petitioner's conviction based on a change in the approach of the district attorney of Davidson County to drug free school zone enhancements. It also seeks to relitigate factual issues that have been previously determined by the jury at trial and could have been disputed on direct appeal had the Petitioner chosen to do so. Because the petition raises issues that are beyond the scope of the amendment, it has failed to state a colorable claim for relief. Accordingly, the petition was subject to summary dismissal without the appointment of counsel or an evidentiary hearing. See Tenn. Code Ann. § 40-30-106(d); Tenn. Sup.Ct. R. 28, § 6(B)(4)(a) ("In the event the court concludes after the preliminary review that a colorable

claim is not asserted by the petition, the court shall enter an order dismissing the petition[.]).  The Petitioner is not entitled to relief.

## **CONCLUSION**

Based on the above authority and reasoning, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. MCMULLEN, JUDGE