IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2023

## HENRY MOORE v. STATE OF TENNESSEE

**Appeal from Circuit Court for Dyer County**
**No. 22CR84    Mark Hayes, Judge**

---

### No. W2023-00798-CCA-R3-PC

---

The pro se petitioner, Henry Moore, appeals the denial of his petition for post-conviction or habeas corpus relief, which petition challenged his guilty-pleaded conviction of evading arrest, alleging that the stop and seizure of his vehicle was unlawful, that his guilty plea was involuntary, that the evidence was insufficient to support his conviction, and that he was deprived of the effective assistance of counsel. Because the petitioner's claims are not cognizable in a habeas corpus proceeding, the trial court properly denied habeas corpus relief. Because, however, some of the petitioner's claims are cognizable in post-conviction proceedings and because the petition was not untimely, the trial court erred by summarily dismissing the petition as one for post-conviction relief. We reverse the judgment of the trial court and remand the case for further post-conviction proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and MATTHEW J. WILSON, JJ., joined.

Henry Moore, Denton, Texas, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Tim Boxx, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Dyer County Grand Jury charged the petitioner with one count of evading arrest by motor vehicle and creating a risk of death or injury to innocent bystanders, a Class D felony. *See* T.C.A. § 39-16-603(b)(1), (d)(2)(B). On May 3, 2022, the petitioner pleaded guilty to a lesser charge of misdemeanor evading arrest and received a sentence of 11 months and 29 days to be served on probation supervised by community

corrections.[1]  A community corrections violation warrant issued on November 9, 2022, alleging that the petitioner failed to pay court costs and program fees and failed to report to his case officer as scheduled.  No transcript of the revocation hearing nor any order disposing of the violation allegation is contained in the record.

On May 10, 2023, the petitioner filed a pro se pleading styled "Writ of Habeas Corpus for a Post-Conviction Plea of Guilty to Evading Arrest in Dyer County, Dyersburg, TN."  In the pleading, the petitioner argued that his seizure at the time that he garnered the evading arrest charge was illegal and that he was deprived of the effective assistance of counsel at his plea submission rendering his plea involuntary.  The petitioner stated that he was incarcerated in Denton, Texas, at the time of the pleading.

The trial court construed the pleading as both a petition for post-conviction relief and a petition for habeas corpus relief.  In denying habeas corpus relief, the trial court found that the pleading failed to comply with the mandatory requirements of Code section 29-21-101, specifically noting that it was not filed in the jurisdiction where the petitioner was in custody, did not include the judgment alleged to be void, and did not indicate whether the petitioner had filed other habeas corpus petitions.  In construing the pleading as a petition for post-conviction relief, the trial court found the pleading to be untimely and that no exception to the statute of limitations applied.

In this timely appeal, the petitioner reasserts that he is entitled to both habeas corpus and post-conviction relief, arguing that his guilty plea was involuntary, that the evidence was insufficient to support his conviction, that the arresting officer lacked probable cause to conduct a traffic stop, and that he was deprived of the effective assistance of counsel.  As the trial court did, we will construe the petitioner's pleading as a petition for both habeas corpus and post-conviction relief.

*Habeas Corpus*

"The determination of whether habeas corpus relief should be granted is a question of law."  *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)).  Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court."  *Faulkner*, 226 S.W.3d at 361 (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a

---

[1]  The transcript of the plea submission hearing is not contained in the record.

century, see *Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in [specified] cases . . . , may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Here, even if all of the petitioner's allegations are true, he is not entitled to habeas corpus relief. It is well-established that claims of an involuntary guilty plea, sufficiency of the evidence, Fourth Amendment violations, and ineffective assistance of counsel do not render a judgment void and, thus, are not cognizable in habeas corpus procedings. *See Jose Luiz Dominquez v. State*, No. M2016-00302-CCA-R3-HC, 2017 WL 652218, at *3 (Tenn. Crim. App., Nashville, Feb. 17, 2017) ("[C]laims of ineffective assistance of counsel and an involuntary guilty plea are not cognizable claims in habeas corpus."); *Frederick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App., Knoxville, Dec. 16, 1999) (stating that, generally, "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"); *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App., 1982) (Claims of ineffective assistance of counsel are "matters for post[-]conviction relief procedure rather than habeas corpus."); *Myers v. State*, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970) ("Habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence . . . ."). The trial court did not err by denying the petitioner habeas corpus relief.

*Post-Conviction*

Construing the petition as one for post-conviction relief, we conclude that the trial court erred by dismissing the petition as untimely. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief "shall include all claims known to the petitioner for granting post-conviction relief" and "shall include

allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding." *Id.* § 40-30-104(d), (e). Importantly,

> A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

*Id*. § 40-30-106(d).

With limited exceptions, post-conviction petitions must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." *Id.* § 40-30-102(a). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Here, the petitioner's judgment became final on June 2, 2022, or 30 days after the entry of the judgment on May 3, 2022. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. P. 4(a), (c); *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)); *State v. Green*, 106 S.W.2d 646, 650 (Tenn. 2003) ("We hold that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry."). The trial court found that the petitioner's pleading was mailed from his detention facility on May 4, 2023, and the pleading was file stamped on May 10, 2023. From either date, the petitioner's petition was timely. *See* T.C.A. § 40-30-102(a) (stating that a post-conviction petition must be filed "within one (1) year of the date *on which the judgment became final*." (emphasis added)). The trial court erred by finding the petition untimely.

The petitioner's petition alleges that he was deprived of the effective assistance of counsel and that his guilty plea was involuntary, claims cognizable in post-

-4-

conviction proceedings. Moreover, the petitioner alleged facts supporting the claims. Specifically, he alleges that trial counsel failed to inform him of his trial and appellate rights, failed to raise certain pretrial motions, and forced him to plead guilty. Although sparse, the petition was sufficient to state a claim for relief and alleged supporting facts. Consequently, the trial court erred by summarily dismissing the petition.

Accordingly, the judgment of trial court is reversed, and the case is remanded to the trial court for the appointment of counsel and an evidentiary hearing on the merits of the petitioner's claim.

_____
JAMES CURWOOD WITT, JR., JUDGE